IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD LONG,

    Plaintiff,

vs.                                                                   1:21-CV-01175-DHU-LF

SAN JUAN COUNTY DETENTION CENTER,
FNU BIDONY, CO or Detention Officer,
T. WILLSON, Sergeant,
J. RODREGEZ, CO or Detention Officer,
FNU BENCOMO, CO Property Officer,
FNU CHEEKS, CO,
FNU ATENCIO and
FNU JACOBS, Sergeant,

    Defendants.

## ORDER DENYING APPOINTMENT OF COUNSEL

THIS MATTER comes before the Court on plaintiff's Motion to Appoint Counsel, filed May 18, 2023. Doc. 37. Having reviewed the motion and the applicable law, the Court finds that plaintiff's motion is not well taken and DENIES it.

Plaintiff Ronald Long, currently incarcerated at the San Juan County Detention Center, filed a complaint pursuant to 42 U.S.C. §1983 and is proceeding pro se. *See* Doc. 1. Mr. Long alleges claims against the detention center and several officers in its employ that include incidents of physical and sexual abuse and inhospitable conditions of confinement. *Id.* On March 14, 2023, the Court ordered defendants to produce a *Martinez* report "in order to develop a factual or legal basis for determining whether plaintiff has a meritorious claim." Doc. 30; *see Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978). Defendants' report, filed on June 15, 2023, is based on a two-month investigation conducted by a private investigator and addresses each of Mr. Long's six allegations based on review of extensive records. Doc. 42 at 2–4.

United States District Courts do not have the authority to compel counsel to represent a petitioner in a case brought under 42 U.S.C. §1983. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989). This Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but should do so only after carefully considering factors that include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Mr. Long bears the burden of convincing "the court that there is sufficient merit to his claim to warrant" a request for pro bono counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

Having considered the *Rucks* factors, the Court finds that a request for pro bono counsel would not be appropriate in this case. 57 F.3d at 979. The merits of Mr. Long's claims are substantially undermined by the evidence presented in the *Martinez* report. *See* Doc. 42 at 8–33. The report confirms the occurrence of the incidents underlying Mr. Long's first, second, third, and fourth claims, but casts significant doubt on his allegations of excessive force and abuse. *Id.* at 8–12, 12–17, 17–23, 23–27. Likewise, the report provides evidence that contradicts Mr. Long's allegations that he has suffered because of mold and inattention to his dietary needs. *Id.* at 27–28; 28–33. The Court finds this evidence persuasive and so finds that the limited merit of Mr. Long's claims weighs against requesting pro bono counsel.

The other *Rucks* factors also weigh against requesting pro bono counsel. The factual issues raised by Mr. Long's allegations are not complex: where substantive evidence exists, the claims concern the details of discrete incidents that Mr. Long experienced firsthand. 57 F.3d at 979. Although Mr. Long's ability to present his claim is certainly hampered by his lack of

counsel, "this is true of virtually any litigant." *Esquer v. New Mexico*, 2015 WL 13658587 (D.N.M. Aug. 21, 2015) (citing *Rucks*, 57 F.3d at 979). And, although the law applicable to § 1983 claims is full of challenging hurdles for any petitioner, it is generally well-settled and comprehensible. In short, because Mr. Long's claims have limited merit and do not involve special challenges in their presentation to the Court, the Court finds that requesting a pro bono attorney would be inappropriate.

      IT IS THEREFORE ORDERED that Plaintiff's Motion to Appoint Counsel, Doc. 37, is DENIED. The Court reminds Mr. Long that his response to Defendants' Motion for Summary Judgment (Doc. 42) is due on July 3, 2023. The Clerk is directed to mail a copy of the Court's "Guide for Pro Se Litigants" to Plaintiff.

                                                                       Laura Fashing
                                                      United States Magistrate Judge